UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRESH START BVBA, et al.,

    Plaintiff,

v.

JAFFE RAITT HEUER & WEISS, PC, et al.,

    Defendant.

Case No. 21-cv-10315
Hon. Matthew F. Leitman

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT, BASED UPON *RES JUDICATA* AND COLLATERAL ESTOPPEL (ECF NO. 16)**

This case arises out of a dispute between Plaintiff Benjamin Ginsburg and his former lawyers, Defendants Jaffe Raitt Heur & Weiss, PC, and one of its named partners, Jeffrey Heuer. The parties previously submitted the dispute to binding arbitration, and the arbitrator issued an award in favor of Defendants (the "Award"). Ginsburg subsequently filed an action in Oakland County Circuit Court to vacate the Award (the "State Court Action"). That court declined to vacate the Award. Instead, it granted summary disposition in favor of Defendants and against Ginsburg last year.

Ginsburg now comes to this Court seeking again to vacate the Award. Defendants have moved to dismiss Ginsburg's Complaint, or alternatively for summary judgment, on the basis of *res judicata* or collateral estoppel. They argue

1

that the state court's grant of summary disposition precludes Ginsburg from again seeking to vacate the Award here. The Court agrees. Accordingly, for the reasons discussed below, the Court **GRANTS** Defendants' motion and enters judgment against Ginsburg.

# I

## A

Ginsburg is a businessman residing in Belgium. (*See* Compl. at ¶ 2, ECF No. 1, PageID.1.) Defendants are Michigan-based attorneys who represented Ginsburg on various matters beginning in approximately 1998. (*See id.* at ¶ 8, PageID.2.)

The instant dispute between the parties arises out of legal services that Defendants provided to Ginsburg under a retainer agreement signed in 2015. (*See id.*) In short, Ginsburg claims that while the Defendants were providing those services, they committed legal malpractice by "negligently advis[ing]" him on issues concerning a distributorship contract between himself (and his business, Fresh Start BVBA[1]) and a former supplier. (*See id.*)

---

[1] Fresh Start BVBA was formerly a plaintiff in this suit. However, on May 17, 2021, the Court dismissed without prejudice the claims brought by Fresh Start BVBA because the entity did not have counsel, and well-settled federal law prohibits a corporate entity from appearing without counsel. (*See* Order, ECF No. 13.) The Court gave Fresh Start BVBA ample opportunity to obtain counsel before dismissing its claims. The Court directed Fresh Start BVBA to obtain counsel on April 6, 2021, and the Court did not dismiss its claim for lack of counsel until May 17, 2021.

On July 17, 2020, the parties agreed to submit Ginsburg's legal malpractice claim to arbitration before former Michigan state court Judge Amy Hathaway. (*See* Compl. at ¶ 14, PageID.4.) The arbitration proceedings took place via Zoom on July 29 and 30, 2020. (*See id.* at ¶ 21, PageID.8.)

On November 11, 2020, Judge Hathaway issued the Award in which she found in favor of Defendants and dismissed Ginsburg's claims. (*See* Award, ECF No. 8-13.) That Award, in its entirety, stated as follows:

> The Plaintiff's termination was not a proximate cause of any alleged professional negligence. See Plaintiff's Exhibits 3, 5, 8, 12, 29 and 36. Also see Defendant's Exhibits 1, 2, 3, 4, 5, 6, 7, 10, 11, 13, 15, 16, 17, 18, 20, 21, 22, 26 and 29.

(*Id.*, PageID.109.)

**B**

On December 2, 2020, Ginsburg, through the law firm of Maynard Law Associates, PLLC filed the State Court Action in which he asked the Oakland County Circuit Court to vacate the Award. (*See* State Court Action Compl., ECF No. 16-17.) He then filed a Verified First Amended Complaint on December 11, 2020. (*See* State Court Action Verified Compl., ECF No. 16-19.) Both Defendants in this action were named defendants in the State Court Action. (*See id.*)

The Verified First Amended Complaint asserted two claims for relief. Count I was labeled "Evident Partiality and Misconduct." (*See id.*, PageID.456.) This

3

count sought relief from the Award under Mich. Comp. Laws § 691.1703(1)(b)(i) and Mich. Ct. R. 3.602(J)(2)(b). (*See id.* at ¶ 33.). Ginsburg alleged in this count that the arbitrator failed to disclose conflicts of interests, failed to inform Ginsburg of certain alterations made to Defendants' submissions, and impeded one of Ginsburg's witnesses from providing testimony. (*See id.* at ¶¶ 30-32.) At the conclusion of this count, Ginsburg alleged that he was entitled to entry of an "order vacating the [A]ward and ordering a hearing before a truly neutral arbitrator […]." (*Id.* at ¶ 33.)

Count II was labeled "Failure to Hear Material Evidence." (*See id.*, PageID.457.) This count sought relief from the Award under Mich. Comp. Laws § 691.1703(1)(c) and Mich. Ct. R. 3.602(J)(2)(d). (*See id.* at ¶ 34.) Ginsburg alleged in this count that the arbitrator failed to adjourn the proceedings to accommodate one of Ginsburg's witnesses who was unavailable to attend, failed to enter into evidence that witness's written statement in lieu of his testimony, and failed to disclose her prior contacts with one of Defendants' witnesses. (*See id.* at ¶¶ 35-39.) At the conclusion of the count, Ginsburg again contended that he was entitled to entry of an order "vacat[ing] the [A]ward and ordering a hearing before a new arbitrator." (*Id.* at ¶ 40.)

4

On December 21, 2020, the Maynard Law Firm withdrew from representing Ginsburg due to "a breakdown in the attorney-client relationship." (*See* State Court Action Stip. Order, ECF No. 16-20.)

On January 29, 2021, Defendants filed a motion for summary disposition under Rule 2.116(c)(10) of the Michigan Court Rules. (*See* State Court Action Mot., ECF No. 16-21.) Under that rule – which is the state-court analog of Federal Rule of Civil Procedure 56 – a Michigan trial court should grant summary disposition where the moving party establishes that "there is no genuine issue as to any material fact." Mich. Ct. R. 2.116(c)(10).

## C

Ginsburg did not respond to Defendants' motion for summary disposition. Instead of responding to that motion, he came to this Court on February 10, 2021, and filed this civil action in which he seeks the same relief that he sought in the State Court Action: namely, vacatur of the Award. (*See* Compl., ECF No. 1.)

As in his State Court Action, Ginsburg's Complaint in this action asserts two counts seeking to undo the Award. Count I of the Complaint here, like Count I of the First Amended Complaint in the State Court Action, is labeled "Evident Partiality and Misconduct." (*See id.*, PageID.12.) And just like the parallel count from the State Court Action, this count alleges that the arbitrator failed to disclose conflicts of interests, failed to inform Ginsburg of certain alterations made to

Defendants' submissions, and impeded one of Ginsburg's witnesses from providing testimony. (*See id.* at ¶¶ 30-32, PageID.12.)  Also like its counterpart from the State Court Action, this count asks the Court to enter an order "order vacating the [A]ward and ordering a hearing before a truly neutral arbitrator […]." (*Id.* at ¶ 33.)  Ginsburg now says that he is entitled to this relief under the Federal Arbitration Act (rather than under the provisions of Michigan law he cited in Count I of his First Amended Complaint in the State Court Action). (*Compare id.* at ¶ 29, PageID.12 (citing 9 U.S.C. § 10(a)(2), *with* State Court Action First Verified Compl. at ¶ 33, ECF No. 16-19, PageID.456 (citing Mich. Comp. Laws § 691.1703(1)(b)(i) and Mich. Ct. R. 3.602(J)(2)(b)).)

Count II of Ginsburg's Complaint in this action, like Count II of his First Amended Complaint in the State Court Action, is labeled "Failure to Hear Material Evidence." (*See* Compl., ECF No. 1, PageID.12.)  As in the parallel count from the State Court Action, Ginsburg alleges again that the arbitrator failed to accommodate the arbitration proceedings to hear his witness's written or oral testimony and failed to disclose her prior contacts with one of Defendants' witnesses. (*See id.* at ¶¶ 35-39, PageID.13.)  And he asserts that a "rehearing [of the arbitration proceedings] would be appropriate." (*Id.* at ¶ 40.[2])  He claims that he is entitled to that relief under

---

[2] After first alleging that a rehearing would be appropriate, Ginsburg then spends two pages of text appearing to suggest that a rehearing is not the appropriate remedy. (Compl. at ¶ 40, ECF No. 1, PageID.13-16.)  But within those two pages, he briefly

6

both the Federal Arbitration Act and the analogous Michigan state law provisions cited in the State Court Action. (*See id.* at ¶ 34.)

On March 5, 2021, Defendants filed a motion to dismiss, or alternatively to stay, this action. (*See* Mot. to Dismiss, ECF No. 8.)  They argued that the Court should grant that relief under the so-called "First Filed" rule – a rule that permits a federal district court to stay or dismiss an action on the basis that there is a prior pending lawsuit between the same parties – as well as other doctrines of abstention. (*See id.*)  In short, they contended that this Court should not proceed with this action because it substantially overlapped with the State Court Action. (*See id.*)  At the time Defendants filed this motion, the state court had not yet ruled on their motion for summary disposition.

Ginsburg opposed Defendants' motion. (*See* Resp., ECF No. 9.)

**D**

On May 24, 2021 – with Defendants' motion to dismiss or stay this action pending in this Court – the state court entered a "final order" granting Defendants' motion for summary disposition in the State Court Action. (*See* State Court Action Dismissal Order, ECF No. 16-22.)  The state court's order, in its entirety, stated as follows:

---

says, again, that he would be "willing" to participate in a rehearing with a new arbitrator. (*See id.*, PageID.15.)  Paragraph 40 of the Complaint in this action is confusing.

7

> Defendants having filed a Motion for Summary Disposition; the Court having issued a summary disposition scheduling order on February 2, 2021, setting March 31, 2021, as the deadline for Plaintiffs to file a response to Defendants' Motion for Summary Disposition; the Court having issued an amended summary disposition scheduling order on March 19, 2021, setting May 12, 2021, as the deadline for Plaintiffs to file a response to Defendants' Motion for Summary Disposition, the Order stating that failure to file a response would result in the Court assuming that there is no law to support that party's position, and scheduling the hearing on Defendants' Motion for May 26, 2021; Plaintiffs having failed to file a response to Defendants' Motion for Summary Disposition; and, the Court being fully advised in the premises;
>
> IT IS ORDERED that the Court dispenses with oral argument pursuant to MCR 2.119(E)(3);
>
> IT IS FURTHER ORDERED that Defendants' Motion for Summary Disposition is granted; and,
>
> IT IS FURTHER ORDERED that Defendants may file, and the Court will hear, their Motion for Sanctions Pursuant to MCR 1.109(E). Although this is a final order, that does not preclude the Court from determining whether sanctions are appropriate.
>
> ***This is a final order and does resolve all pending claims in the case.***
>
> IT IS SO ORDERED.

(*Id.*, PageID.547-548 (emphasis in original).)

### E

On September 21, 2021, the Court held a status conference with the parties to discuss the impact, if any, of the state court's ruling on the Defendants' motion to dismiss or stay that was then still pending before the Court. After discussing the

8

matter with the parties, the Court decided to: (1) terminate as moot Defendants' motion to dismiss or stay based upon the "First Filed" rule as well as the other abstention doctrines; and (2) grant Defendants leave to file a new dispositive motion based on the preclusive effect of the order dismissing the State Court Action. (*See* 9/21/2021 Status Conf. Tr., ECF No. 18, PageID.565.)

### F

Defendants filed the instant motion to dismiss, or alternatively for summary judgment, on October 5, 2021. (*See* Mot., ECF No. 16.)  They contend that the dismissal of Ginsburg's State Court action bars the present action under the doctrines of *res judicata* and/or collateral estoppel.

Ginsburg filed his opposition on December 22, 2021. (*See* Resp., ECF No. 21.)  Ginsburg primarily argued that the Court should not give preclusive effect to the state court's granting summary disposition in favor of Defendants because, due to technical issues, he was unable to e-file his response in opposition to Defendants' motion for summary disposition. (*See id.*)

When the Court reviewed Ginsburg's response, the Court noted that Ginsburg had not supported his arguments with legal authority.  Because Ginsburg was proceeding *pro se* – and out of an abundance of caution – the Court gave Ginsburg the opportunity to file a supplemental brief identifying legal authority to support his position. (*See* Order for Supp'l Briefing, ECF No. 23.)  Ginsburg submitted his

9

supplemental brief on February 15, 2022. (*See* Supp'l Br., ECF No. 24.)  Defendants responded on March 1, 2022. (*See* Sur-Reply, ECF No. 25.)

## II

Defendants move to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) or, alternatively, for summary judgment under Rule 56.  As explained below, in resolving Defendants' motion, the Court has looked beyond the face of Ginsburg's Complaint.  Thus, the Court will treat Defendants' motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations omitted).  When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.*  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52.

### III

### A

Defendants argue that Ginsburg's action is barred by *res judicata*. In determining the preclusive effect of state court judgments under this doctrine, "federal courts are required to give the judgments of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision." *Exec. Arts Studio v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004). Accordingly, this Court must apply Michigan law on *res judicata*.

"Under Michigan law, a 'second, subsequent action' is barred by *res judicata* when '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *AuSable River Trading Post, LLC v. Dovetail Sols., Inc.*, 874 F.3d 271, 274 (6th Cir. 2017) (quoting *Adair v. State*, 470 Mich. 105, 680 N.W.2d 386, 396 (2004)). "*Res judicata* is applied broadly by Michigan courts, barring 'not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Id.*

### B

The Court finds that all three *res judicata* elements are met. The Court reviews each in turn.

The first element is that the "prior action was decided on the merits," *Adair*, 680 N.W.2d at 396. Here, the Oakland County Circuit Court granted summary disposition in favor of Defendants and dismissed Ginsburg's claims in the State Court Action. Under Michigan law, "a summary disposition ruling is the procedural equivalent of a trial on the merits that bars relitigation on principles of res judicata." *Mable Cleary Trust v. Edward-Marlah Muzyl Trust*, 262 Mich. App. 485, 510, 686 N.W.2d 770 (2004), overruled on other grounds by *Titan Ins. Co. v. Hyten*, 491 Mich. 547, 817 N.W.2d 562 (2012). Thus, the state court's order granting summary disposition satisfies the first *res judicata* element.[3]

Ginsburg counters that this order was "not a final order" because it permitted Defendants to file a motion for sanctions. (*See* Supp'l Br., ECF No. 24, PageID.771.) This argument is without merit. Michigan law recognizes that a court may grant summary disposition in a final order and reserve the issue of sanctions until an appeal is filed. *See Maryland Cas. Co. v. Allen*, 221 Mich. App. 26, 29, 561 N.W.2d 103,

---

[3] The fact that Ginsburg did not respond to Defendants' motion for summary disposition in the State Court Action does not deprive the state court's order granting that motion of preclusive effect under *res judicata*. Indeed, even where a *defendant* fails to respond to complaint, and the court consequently enters a default judgment against the defendant, that default judgment is entitled to *res judicata* effect under Michigan law. *See Reed Est. v. Reed*, 293 Mich. App. 168, 180, 810 N.W.2d 284, 292 (2011) ("[U]nless it is set aside by the court, a default judgment is absolute and is fully as binding, under the doctrines of estoppel and merger of judgment, and res judicata, as one after appearance and contest.").

104 (1997). Thus, the fact that the state court's dismissal order permitted Defendants to file a motion for sanctions does not affect the preclusive force of that court's order.

The second *res judicata* element is that both actions "involve[d] the same parties." *See Adair*, 680 N.W.2d at 396. That element is met here as Ginsburg and both Defendants were parties to the State Court Action.

Finally, the third *res judicata* element is that "the matter in the second case was, or could have been, resolved in the first." *See id.* That element is met here as well. Ginsburg seeks the same relief here as he did in the State Court Action: vactur of the Award. The only distinction between the two actions is that in this action, he seeks relief under the Federal Arbitration Act as well as under state law. But he could have sought relief under the FAA in the State Court Action. *See DeCaminada v. Coopers & Lybrand, L.L.P.*, 232 Mich. App. 492, 496, 591 N.W.2d 364, 366 (1998) ("The Federal Arbitration Act (FAA) […] governs actions in both federal *and state courts*[.]") (emphasis added). Thus, all of Ginsburg's claims in this action could have been resolved in the State Court Action, and the third *res judicata* element is satisfied.

Since all three *res judicata* elements are met, Defendants are entitled to summary judgment.

## C

Ginsburg counters that the Court should not give preclusive effect to the state court's order granting summary disposition in favor of Defendants because technical difficulties prevented him from e-filing his response in opposition to that motion. (*See* Supp'l Br., ECF No. 24, PageID.769-771.) More specifically, he contends that the state court's MiFILE system was "[t]he only way that [he] could file or otherwise interact with the [c]ourt in a meaningful way," and he says that that system would not accept electronic filings from him. (*Id.*, PageID.770.) Accordingly, he argues his inability to access MiFILE was "akin to physically barring him from" responding to Defendants' motion for summary disposition. (*Id.*, PageID.769-770.)

The undisputed facts reveal a different story. While it does appear that Ginsburg experienced technical difficulties in accessing MiFILE, his own exhibits to his filings in this Court show that he was provided a "workaround" that was designed to address his problems accessing MiFILE. On March 19, 2021, a Staff Attorney for the Judge presiding over the State Court Action sent Ginsburg an email detailing this workaround. Her email stated as follows:

> I still have not heard from our IT Dept. regarding the ticket they put in to resolve the MiFile issue.
>
> As a workaround, you can pay the motion fee online using the Judge Online payment option. You would then email your motion (or whatever documents you want filed) to efiling@oakgov.com and include your receipt from your payment.

14

> In an attempt to accommodate you due to technology issues beyond your control, the Court has adjourned the hearing date on the summary disposition motion to May 26, 2021 to give you additional time to file motions and documents.
>
> If you need assistance with using the Judge Online payment option, please contact our case management office at 248-858-5828 because I cannot assist you with that.

(*See* Supp'l Br., Ex. 7, ECF No. 24-7, PageID.788.)

Ginsburg received this email nearly two weeks prior to his deadline for responding to Defendants' motion. (*See* State Court Scheduling Order, ECF No. 16-21, PageID.463). And the e-mail further extended that deadline.

Notably, Ginsburg has neither alleged nor presented evidence that he had any difficulty pursuing the workaround offered by the Staff Attorney. Indeed, he has not even alleged (or presented evidence) that he attempted to utilize the workaround. Despite the availability of the workaround, he did not respond to Defendants' motion.

Under these circumstances, Ginsburg's apparent difficulties accessing the MiFILE system do not undermine the preclusive effect of the state court's "final order" granting summary disposition in favor of Defendants.

**D**

Finally, Ginsburg counters that "[n]either res judicata nor collateral estoppel can prevent this action from moving forward as there exists a continuing wrong and

15

fraud by the Defendants in secreting the evidence of their original wrongdoing that necessitated the arbitration and these actions in the first place." (*See* Resp., ECF No. 21, PageID.590.) Ginsburg contends the "continuing wrong" is Defendants' alleged denial of Ginsburg's access to his client file. (*See id.*) And he contends the fraud is the "breach of trust alleged in this action" that he asserts "is not a claim viable under state law." (*See id.*) "As such, this is a different claim herein that cannot be barred by res judicata or collateral estoppel." (*See id.*)

This argument fails for at least two reasons. First, contrary to Ginsburg's contention, any claim that he could have had for "breach of trust" against his former attorneys could only have been viable, if at all, "under state law." Thus, if Ginsburg had such a claim, he could have brought it in the State Court Action. Second, this action does not seek to remedy any alleged "continuing wrong" by Defendants. On the contrary, as set forth in detail above, this action – exactly like the State Court Action – seeks to vacate the Award. Indeed, Ginsburg's Complaint in this action makes only two passing references to Defendants' alleged continued retention of his client file. (*See* Compl. at ¶ 40, ECF No. 1, PageID.14, 15.) Thus, Ginsburg cannot avoid the application of *res judicata* on the ground that this civil action is aimed at a continuing wrong that could not have been addressed through a claim brought in the State Court Action. Simply put, this action is, for all practical purposes, a carbon

16

copy of the State Court Action,[4] and under settled *res judicata* principles, the state court's order disposing of that action thus bars Ginsburg from proceedings with his claims here.

### E

For the reasons explained above, the Court finds that there is no legal or factual dispute that the three elements of *res judicata* are satisfied here. Defendants are thus entitled to summary judgment on Ginsburg's claims against them.[5]

### IV

The Court **GRANTS SUMMARY JUDGMENT** in favor of Defendants on all of the claims in Ginsburg's Complaint and **DISMSSES** the Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2022

---

[4] To be sure, Ginsburg's Complaint in this action contains substantially more words and more flowery prose than his First Amended Complaint in the State Court Action, but the essence of both pleadings is plainly the same.

[5] Because the Court finds that Ginsburg's action is barred by *res judicata*, it is unnecessary for the Court to determine whether the separate doctrine of collateral estoppel independently bars Ginsburg's action.

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2022, by electronic means and/or ordinary mail.

                                                        s/Holly A. Ryan
                                                        Case Manager
                                                        (313) 234-5126